IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.,<br>*A Pennsylvania Corporation,*<br>407 E. Pennsylvania Boulevard<br>Feasterville, Pennsylvania 19053,<br><br>　　　　　　　　Plaintiff,<br><br>　　　vs.<br><br>BRAZIL ACADEMY FORCA RARA LLC,<br>*d/b/a Brazil Academy,*<br>*A Kansas Limited Liability Company,*<br>11441 Strang Line Road<br>Lenexa, Kansas 66215<br>**Serve:**　Luis Felipe Ninja Pinto, Resident Agent<br>　　　　1108 West Elm Terrace<br>　　　　Olathe, Kansas 66215<br><br>　　　and<br><br>LUIS FELIPE NINJA PINTO<br>　　　1108 West Elm Terrace<br>　　　Olathe, Kansas 66215<br><br>　　　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　Case No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **COMPLAINT**

For its cause of action against Brazil Academy Forca Rara LLC and Luis Felipe Ninja Pinto,

Joe Hand Promotions, Inc. states and alleges as follows:

### ***PARTIES, JURISDICTION AND VENUE***

1.　　Plaintiff Joe Hand Promotions, Inc. ("Joe Hand" or "plaintiff") is a Pennsylvania

corporation with its principal place of business at 407 E. Pennsylvania Boulevard, Feasterville,

Pennsylvania 19053.

2.      Defendant Brazil Academy Forca Rara LLC ("Brazil Academy") is a Kansas limited liability company with a place of business in the District of Kansas at 11441 Strang Line Road, Lenexa, Kansas 66215.

3.      Defendant Luis Felipe Ninja Pinto ("Pinto") is a principal of Brazil Academy, a citizen and resident of Kansas, and can be served with process in the District of Kansas at either Brazil Academy's place of business at 11441 Strang Line Road, Lenexa, Kansas 66215 or at his residence at 10204 Theden Circle, Lenexa, Kansas 66220.

4.      Brazil Academy can be served with process in the District of Kansas through Pinto at either Brazil Academy's place of business at 11441 Strang Line Road, Lenexa, Kansas 66215 or at his residence at 10204 Theden Circle, Lenexa, Kansas 66220.

5.      The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 based on plaintiff's claims founded on 47 U.S.C. §§ 553 and 605.

6.      The Court has general personal jurisdiction over defendants because they are located and can be served with process in the District of Kansas.

7.      Venue in the District of Kansas is proper under 47 U.S.C. § 605 because a substantial part of the events or omissions giving rise to plaintiff's claim occurred therein.

### GENERAL ALLEGATIONS

8.      By contract, plaintiff paid for and was thereafter granted the exclusive nationwide television distribution rights to *Ultimate Fighting Championship 152: Jon Jones v. Victor Belfort*, telecast nationwide, which took place on September 22, 2012 and included all under-card bouts and fight commentary encompassed in the television broadcast of the event (hereinafter referred to as the "Program").

9.      Pursuant to contract, plaintiff entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Kansas, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (*i.e.,* hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.).

10.     As a commercial distributor of sporting events, including the Program, plaintiff expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

11.     With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above-named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at their location in Lenexa, Kansas.

12.     Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

13.     Upon information and belief, Pinto is an owner, operator, licensee, permitee, person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Brazil Academy in Lenexa, Kansas.

## COUNT I
### (Violation of Title 47 U.S.C. § 605)

14.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-13 above.

15.     Title 47 U.S.C. § 605 *et seq*. prohibits the unauthorized publication or use of communications such as the Program.

16.     By reason of the aforesaid mentioned conduct, defendants, and each of them, violated Title 47 U.S.C. § 605 *et seq.*

17.     By reason of defendants' violation of 47 U.S.C. § 605 *et seq.*, plaintiff has a private right of action pursuant to Title 47 U.S.C. § 605.

18.     As the result of defendants' violation of 47 U.S.C. § 605 and pursuant thereto, plaintiff is entitled to the following from each defendant:

(a)     Statutory damages for each violation in an amount up to $10,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II); and also

(b)     Statutory damages for each willful violation in an amount up to $100,000 pursuant to 47 U.S.C. § 605(e)(3)(C)(ii), and also

(c)     Full costs, including reasonable attorney's fees, pursuant to 47 U.S.C. § 605(e)(3)(B)(iii).

**WHEREFORE,** plaintiff Joe Hand Promotions, Inc. prays for a judgment in its favor and against defendants Brazil Academy Forca Rara LLC and Luis Felipe Ninja Pinto, jointly and severally, on Count I of the Complaint as follows:

a.   Statutory damages in the amount of $110,000;

b.   Reasonable attorney's fees;

c.   All costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and

d.   Such other and further relief as the Court deems just and proper.

## <u>COUNT II</u>
### (Violation of Title 47 U.S.C. § 553)

19.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-18 above.

20.     The unauthorized interception, exhibition, publication, and divulgence of the Program by defendants is prohibited by 47 U.S.C. § 553 *et seq.*

21.     By reason of the aforesaid mentioned conduct, defendants violated 47 U.S.C. § 553 *et seq.*

22.     By reason of defendants' violation of 47 U.S.C. § 553, *et seq.,* plaintiff has a private right of action under 47 U.S.C. § 553.

23.     As the result of defendants' violation of 47 U.S.C. § 553 and pursuant thereto, plaintiff is entitled to the following from each defendant:

> (a) Statutory damages for each violation in amount up to $10,000 pursuant to 47 U.S.C. § 553(c)(3)(A)(ii); and also

> (b) Statutory damages for each willful violation in an amount up to $50,000 pursuant to Title 47 U.S.C. § 553(c)(3)(B); and also

> (c) Full costs, including reasonable attorney's fees, pursuant to Title 47 U.S.C. § 553(c)(2)(C).

**WHEREFORE,** plaintiff Joe Hand Promotions, Inc. prays for a judgment in its favor and against defendants Brazil Academy Forca Rara LLC and Luis Felipe Ninja Pinto, jointly and severally, on Count II of the Complaint as follows:

> a. Statutory damages in the amount of $60,000;

> b. Reasonable attorney's fees;

> c. All costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

> d. Such other and further relief as the Court deems just and proper.

## <u>COUNT III</u>
### (Conversion)

22.     Plaintiff hereby incorporates by reference all of the allegations contained in paragraphs 1-21 above.

23.     By their acts as aforesaid in intercepting, exhibiting, publishing, and divulging the Program at the above address, defendants tortiously obtained possession of the Program and wrongfully converted it to its own use and benefit.

24.     The aforesaid acts of defendants were willful, malicious, and intentionally designed to harm plaintiff and to subject plaintiff to economic distress.

25.     Accordingly, plaintiff is entitled to both compensatory and punitive damages from defendants as the result of the defendants' egregious conduct and conversion.

**WHEREFORE,** plaintiff Joe Hand Promotions, Inc. prays for a judgment in its favor and against defendants Brazil Academy Forca Rara LLC and Luis Felipe Ninja Pinto, jointly and severally, on Count III of the Complaint as follows:

    a.   Compensatory damages in an amount according to proof;

    b.   All costs of suit, including but not limited to filing fees, service of process fees, investigative costs; and

    c.   Such other and further relief as the Court deems just and proper.

**LEVY CRAIG LAW FIRM**
A PROFESSIONAL CORPORATION

By /s/ Shane C. Mecham
    Shane C. Mecham          KS #21973
    1301 Oak Street
    Kansas City, Missouri 64106
    (816) 474-8181
    Fax: 816/382-6618
    smecham@levycraig.com

*Attorneys for Plaintiff*